UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

———————————————————

| | |
|---|---|
| GAIL LAPRE, INDIVIDUALLY ) | |
| AND AS ADMINISTRATRIX OF ) | |
| THE ESTATE OF JACQUES ) | |
| JOSEPH GAUDREAU ) | |
|      Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.:   19-658 |
| ) | |
| LIFE CARE CENTERS OF ) | |
| AMERICA, INC. d/b/a ) | |
| EVERGREEN HOUSE HEALTH ) | |
| CENTER ) | |
|      Defendant. ) | |

———————————————————)

## NOTICE OF REMOVAL

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center [sic] (hereinafter, "defendant") by and through the undersigned counsel, Barton Gilman, LLP, hereby gives notice of removal of this case to this Honorable Court from the Superior Court of Rhode Island sitting in Providence County, in which this action is now pending. The defendant appears solely for the purpose of removal and for no other purpose, reserving all defenses available to it.  In support of this Notice, the defendant asserts as follows:

1. The Plaintiff, Gail Lapre ("plaintiff"), individually and as Administratix of the Estate of Jacques Joseph Gaudreau, through her attorney, commenced an action

against the defendant in Providence County Superior Court titled: Gail Lapre, individually and as Administratix of the Estate of Jacques Joseph Gaudreau v. Life Care Centers of America, Inc. d/b/a Evergreen House Health Center, C.A. No. 2019-10358.  A copy of the Complaint is attached hereto as Exhibit A.

2. A copy of plaintiff's Complaint was served to the defendant on or about November 19, 2019.

3. In the complaint, the plaintiff asserts a claim of negligence and a claim of loss of consortium against the defendant.

4. In the complaint, both the plaintiff and the decedent are identified as residents of the County of Providence, State of Rhode Island.

5. The defendant is a Tennessee Corporation and has a principal place of business located at 3570 Keith Street, NW, Cleveland, TN.

6. This case is removable pursuant to 28 U.S.C. § 1441(a) because the parties are completely diverse and the amount in controversy is in excess of the jurisdictional amount exclusive of interest and costs.  Specifically, the plaintiff is a citizen of Rhode Island, and the defendant is a citizen of Tennessee and, on information and belief, the plaintiff seeks damages in an amount exceeding the jurisdictional amount, exclusive of interest and costs.

7. Thus, this case is removable pursuant to 28 U.S.C. § 1441(a) because the United States District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

8. As required by 28 U.S.C. 1446(d), the defendant will give notice of this filing to the plaintiff and to the clerk of the Providence County Superior Court of Rhode Island where the action is now pending. A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit B.

WHEREFORE, the defendant respectfully requests that the above action now pending against it in the Providence County Superior Court of Rhode Island be removed therefrom to this Court.

The Defendant,
Life Care Centers of America, Inc. d/b/a
Evergreen House Health Center [sic]
By its Attorney,


*/s/ Sheri L. Pizzi*
Sheri L. Pizzi | RI Bar No. 5720
spizzi@bglaw.com
Barton Gilman LLP
One Financial Plaza, 18th Floor
Providence, RI  02903
401.273.7171 | 401.273.2904 – F


## CERTIFICATE OF SERVICE

I, Sheri L. Pizzi, attorney for the defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center [sic], hereby certify that on December 19, 2019, I served a copy of the foregoing by CM/ECF electronic mail notification to all counsel of record.

*/s/ Sheri L. Pizzi*
Sheri L. Pizzi

# EXHIBIT A

STATE OF RHODE ISLAND          SUPERIOR COURT
PROVIDENCE, SC

GAIL LAPRE, Individually and as     :
Administratrix of the ESTATE OF     :
JACQUES JOSEPH GAUDREAU,     :
                                   :
       Plaintiff,                  :
                                   :
       vs.                      :             C.A. No. *PC2019-10358*
                                   :
LIFE CARE CENTERS OF AMERICA,    :
INC. D/B/A EVERGREEN HOUSE      :
HEALTH CENTER,               :
       Defendant,           :

## COMPLAINT

### Parties and Jurisdiction

1.      At all times material hereto, Decedent Jacques Joseph Gaudreau ("Mr. Gaudreau") was a resident at 44 Terrace Avenue, in the City of Pawtucket, County of Providence, State of Rhode Island.

2.      At all times material hereto, Plaintiff Gail Lapre ("Ms. Lapre") was a resident of the City of Pawtucket, County of Providence, State of Rhode Island, and is a common law spouse of Mr. Gaudreau.

3.      Plaintiff Ms. Lapre bring this action individually and on behalf of all of the beneficiaries of the Estate of Jacques Joseph Gaudreau (the "Estate") pursuant to Rhode Island General Laws §10-7-3.

5.      The Estate and Ms. Lapre shall hereinafter be together referred to as "Plaintiffs."

6.      Plaintiffs bring this action pursuant to Rhode Island General Laws §10-7-1, *et seq.*, for the wrongful death of Mr. Gaudreau, who died on September 6, 2018.

7.      Upon information and belief, Defendant Life Care Centers of America, Inc. d/b/a Evergreen House Health Center ("Defendant") is a business incorporated in the State of Tennessee conducting business in the State of Rhode Island and thereby subject to jurisdiction of this Court.

8.      The amount in controversy is sufficient to establish the jurisdiction of this Honorable Court.

## **FACTS**

9.      At all times relevant hereto, Defendant owned and/or operated a nursing home located at 1 Evergreen Drive, in the City of East Providence, County of Providence, State of Rhode Island, known as Evergreen House Health Center (the "Nursing Home"), wherein Mr. Gaudreau resided prior to his death.

10.     At all times relevant hereto, Mr. Gaudreau was a resident and patient at the Nursing Home, and Defendant was responsible for his treatment and care.

11.     Mr. Gaudreau had been a resident and patient at the Nursing Home and Defendant had knowledge that while Mr. Gaudreau was a patient at the Nursing Home, Mr. Gaudreau had prior falls, was non-verbal, and at times disoriented, and was susceptible of falling and sustaining serious injuries.

12.     On or about August 14, 2018, Mr. Gaudreau was in the care, custody and/or control of Defendant and, as a result, Defendant owed Mr. Gaudreau a duty of care to protect him from suffering injuries and harm, including injuries and harm associated with a fall at the Nursing Home.

13.     On or about August 14, 2018, while in the care, custody and/or control of the Defendant, Defendant failed to protect Mr. Gaudreau from suffering injuries and harm by placing Mr. Gaudreau in a wheelchair and leaving him unattended and vulnerable to falling.

Case Number: PC-2019-10359
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2019 3:40 PM
Envelope: 2307050
Reviewer: Bob Q

Case 1:19-cv-00658-JJM-PAS   Document 1   Filed 12/19/19   Page 7 of 25 PageID #: 7

14.     During the time that Defendant left Mr. Gaudreau unattended and vulnerable to falling, Mr. Gaudreau fell and fractured his hip.

15.     Further, Defendant owed Plaintiffs the following duties: (a) not to accept patients, including Mr. Gaudreau, with physical and/or mental conditions for which Defendant could not adequately provide care to protect their health, safety, and welfare, (b) to establish its own internal policies and procedures for fall prevention and to follow such policies and procedures, and (c) to comply with all policies and procedures for patient safety, including as to fall prevention, as required by the State of Rhode Island and/or other governmental agencies with jurisdiction over the Nursing Home.

16.     Defendant breached the aforesaid duties.

17.     As a direct and proximate result of the Defendant's negligence, Mr. Gaudreau suffered severe and substantial injuries to which he ultimately succumbed and died from just three weeks later, on September 6, 2018.

## COUNT I
### (Negligence)

18.     Plaintiffs repeat and reallege each and every allegation contained herein as if fully set forth herein.

19.     Defendant owed a legal duty to act in a reasonably safe manner, and in conformity with industry standards, while providing care to its patients and residents, including Mr. Gaudreau.

20.     Defendant breached its said duties of care owed to Plaintiffs by, among other acts and/or omissions, failing to properly supervise Mr. Gaudreau, who was known to Defendant to be non-verbal, disoriented, and susceptibility to falling and suffering serious injuries, which caused Mr. Gaudreau to fracture his hip and soon thereafter die.

21.     As a direct and proximate result of Defendant's negligence, Mr. Gaudreau was severely injured, experienced conscious pain and suffering and ultimately died on September 6, 2018 as a result of the injuries that he sustained from his August 14, 2018 fall and fractured hip.

## COUNT II
### (Loss of Consortium)

22.     Plaintiffs repeat and reallege each and every allegation contained herein as if fully set forth herein.

23.     Due to Defendant's negligence, Plaintiff Ms. Lapre has suffered and will, in the future, continue to suffer a loss of consortium, companionship, society, affection and love of her common law spouse, Mr. Gaudreau, and is entitled to compensation and damages pursuant to R.I.G.L.§ 10-7-1.2.

WHEREFORE, Plaintiff Gail Lapre, Individually and as Administratrix of the Estate of Jacques Joseph Gaudreau requests the following relief:

1.     Enter judgment against Defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center;

2.     Award damages to the Plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;

3.     Award the Plaintiff interest, costs and expenses;

4.     Award the Plaintiff punitive damages;

5.     Award the Plaintiff compensatory damages;

6.     Award the Plaintiff damages pursuant to Rhode Island General Laws §§10-7-1, *et seq.*, as set forth in Rhode Island General Laws §§ 10-7-1.1, 10-7-1.2, 10-7-5, 10-7-7, and 10-7-7.1; and

7.     Award such other relief, as this Honorable Court deems just and appropriate.

Case Number: PC-2019-10339
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2019 3:40 PM
Envelope: 2307050
Reviewer: Bob Q

Case 1:19-cv-00658-JJM-PAS   Document 1   Filed 12/19/19   Page 9 of 25 PageID #: 9

## JURY CLAIM

### PLAINTIFF HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES OF RIGHT.

Plaintiff,
Gail Lapre, Individually and as Administratrix of the
Estate of Jacques Joseph Gaudreau
By her Attorneys,


/s/ Jeffrey D. Sowa
Jeffrey D. Sowa, Esquire, #5764
Heather M. Spellman, Esquire #6461
LaPlante Sowa Goldman
272 West Exchange Street
Providence, RI 02903
TEL:   (401) 273-0200
FAX:   (401) 273-0250
EMAIL:  *jsowa@lsglaw.com*
        *hspellman@lsglaw.com*

Date:   October 22, 2019

# EXHIBIT B

STATE OF RHODE ISLAND                                       SUPERIOR COURT
PROVIDENCE, SC.
_____
                                          )
GAIL LAPRE, INDIVIDUALLY                  )
AND AS ADMINISTRATRIX OF                  )
THE ESTATE OF JACQUES                     )
JOSEPH GAUDREAU                           )
            Plaintiff,                    )
                                          )
v.                                        )          C.A. No. PC-2019-10358
                                          )
LIFE CARE CENTERS OF                      )
AMERICA, INC. d/b/a                       )
EVERGREEN HOUSE HEALTH                    )
CENTER                                    )
            Defendant.                    )
_____          )

## NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT on December 19, 2019 the defendant, Life Care

Centers of America, Inc. d/b/a Evergreen House Health Center [sic], by and through the

undersigned counsel, Barton Gilman, LLP, filed in the United States District Court for the

District of Rhode Island, and served on all parties, a Notice of Removal in the above-

captioned matter.  A copy of the Notice of Removal is attached hereto as Exhibit A.

                        The Defendant,
                        Life Care Centers of America, Inc. d/b/a
                        Evergreen House Health Center [sic]
                        By its Attorney,

                         _/s/ Sheri L. Pizzi_____
                        Sheri L. Pizzi | RI Bar No. 5720
                        spizzi@bglaw.com
                        Barton Gilman LLP
                        One Financial Plaza, 18th Floor
                        Providence, RI  02903
                        401.273.7171 | 401.273.2904 – F

## **CERTIFICATE OF SERVICE**

I, Sheri L. Pizzi, attorney for Defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center [sic] hereby certify that I served a copy of the Notice to State Court of Notice of Removal via Odyssey File & Serve and/or US Mail on December 19, 2019 to Jeffrey D. Sowa, 272 West Exchange Street, Providence, RI 02903.

*/s/ Sheri L. Pizzi*

Sheri L. Pizzi

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                                    )
GAIL LAPRE, INDIVIDUALLY                            )
AND AS ADMINISTRATRIX OF                            )
THE ESTATE OF JACQUES                               )
JOSEPH GAUDREAU                                     )
             Plaintiff,                             )
                                                    )
v.                                                  )        C.A. No.:   19-658
                                                    )
LIFE CARE CENTERS OF                                )
AMERICA, INC. d/b/a                                 )
EVERGREEN HOUSE HEALTH                              )
CENTER                                              )
             Defendant.                             )
_____)

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF RHODE ISLAND**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center [sic] (hereinafter, "defendant") by and through the undersigned counsel, Barton Gilman, LLP, hereby gives notice of removal of this case to this Honorable Court from the Superior Court of Rhode Island sitting in Providence County, in which this action is now pending. The defendant appears solely for the purpose of removal and for no other purpose, reserving all defenses available to it.  In support of this Notice, the defendant asserts as follows:

1. The Plaintiff, Gail Lapre ("plaintiff"), individually and as Administratix of the
   Estate of Jacques Joseph Gaudreau, through her attorney, commenced an action

against the defendant in Providence County Superior Court titled: Gail Lapre, individually and as Administratix of the Estate of Jacques Joseph Gaudreau v. Life Care Centers of America, Inc. d/b/a Evergreen House Health Center, C.A. No. 2019-10358.  A copy of the Complaint is attached hereto as Exhibit A.

2. A copy of plaintiff's Complaint was served to the defendant on or about November 19, 2019.

3. In the complaint, the plaintiff asserts a claim of negligence and a claim of loss of consortium against the defendant.

4. In the complaint, both the plaintiff and the decedent are identified as residents of the County of Providence, State of Rhode Island.

5. The defendant is a Tennessee Corporation and has a principal place of business located at 3570 Keith Street, NW, Cleveland, TN.

6. This case is removable pursuant to 28 U.S.C. § 1441(a) because the parties are completely diverse and the amount in controversy is in excess of the jurisdictional amount exclusive of interest and costs.  Specifically, the plaintiff is a citizen of Rhode Island, and the defendant is a citizen of Tennessee and, on information and belief, the plaintiff seeks damages in an amount exceeding the jurisdictional amount, exclusive of interest and costs.

7. Thus, this case is removable pursuant to 28 U.S.C. § 1441(a) because the United States District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

8. As required by 28 U.S.C. 1446(d), the defendant will give notice of this filing to the plaintiff and to the clerk of the Providence County Superior Court of Rhode Island where the action is now pending. A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit B.

WHEREFORE, the defendant respectfully requests that the above action now pending against it in the Providence County Superior Court of Rhode Island be removed therefrom to this Court.

The Defendant,
Life Care Centers of America, Inc. d/b/a
Evergreen House Health Center [sic]
By its Attorney,

*/s/ Sheri L. Pizzi*
Sheri L. Pizzi | RI Bar No. 5720
spizzi@bglaw.com
Barton Gilman LLP
One Financial Plaza, 18th Floor
Providence, RI  02903
401.273.7171 | 401.273.2904 – F

## CERTIFICATE OF SERVICE

I, Sheri L. Pizzi, attorney for the defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center [sic], hereby certify that on December 19, 2019, I served a copy of the foregoing by CM/ECF electronic mail notification to all counsel of record.

*/s/ Sheri L. Pizzi*
Sheri L. Pizzi

# EXHIBIT A

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC

GAIL LAPRE, Individually and as          :
Administratrix of the ESTATE OF          :
JACQUES JOSEPH GAUDREAU,                  :
                                         :
    Plaintiff,                           :
                                         :
    vs.                                  :        C.A. No. *PC2019-10358*
                                         :
LIFE CARE CENTERS OF AMERICA,            :
INC. D/B/A EVERGREEN HOUSE               :
HEALTH CENTER,                           :
    Defendant,                           :

## COMPLAINT

### Parties and Jurisdiction

1.    At all times material hereto, Decedent Jacques Joseph Gaudreau ("Mr. Gaudreau") was a resident at 44 Terrace Avenue, in the City of Pawtucket, County of Providence, State of Rhode Island.

2.    At all times material hereto, Plaintiff Gail Lapre ("Ms. Lapre") was a resident of the City of Pawtucket, County of Providence, State of Rhode Island, and is a common law spouse of Mr. Gaudreau.

3.    Plaintiff Ms. Lapre bring this action individually and on behalf of all of the beneficiaries of the Estate of Jacques Joseph Gaudreau (the "Estate") pursuant to Rhode Island General Laws §10-7-3.

5.    The Estate and Ms. Lapre shall hereinafter be together referred to as "Plaintiffs."

6.    Plaintiffs bring this action pursuant to Rhode Island General Laws §10-7-1, *et seq.*, for the wrongful death of Mr. Gaudreau, who died on September 6, 2018.

Case Number: PC-2019-11158
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2019 3:40 PM
Envelope: 2307050
Reviewer: Bob Q

Case 1:19-cv-00658-JJM-PAS   Document 1   Filed 12/19/19   Page 19 of 25 PageID #: 19

7.     Upon information and belief, Defendant Life Care Centers of America, Inc. d/b/a Evergreen House Health Center ("Defendant") is a business incorporated in the State of Tennessee conducting business in the State of Rhode Island and thereby subject to jurisdiction of this Court.

8.     The amount in controversy is sufficient to establish the jurisdiction of this Honorable Court.

## FACTS

9.     At all times relevant hereto, Defendant owned and/or operated a nursing home located at 1 Evergreen Drive, in the City of East Providence, County of Providence, State of Rhode Island, known as Evergreen House Health Center (the "Nursing Home"), wherein Mr. Gaudreau resided prior to his death.

10.     At all times relevant hereto, Mr. Gaudreau was a resident and patient at the Nursing Home, and Defendant was responsible for his treatment and care.

11.     Mr. Gaudreau had been a resident and patient at the Nursing Home and Defendant had knowledge that while Mr. Gaudreau was a patient at the Nursing Home, Mr. Gaudreau had prior falls, was non-verbal, and at times disoriented, and was susceptible of falling and sustaining serious injuries.

12.     On or about August 14, 2018, Mr. Gaudreau was in the care, custody and/or control of Defendant and, as a result, Defendant owed Mr. Gaudreau a duty of care to protect him from suffering injuries and harm, including injuries and harm associated with a fall at the Nursing Home.

13.     On or about August 14, 2018, while in the care, custody and/or control of the Defendant, Defendant failed to protect Mr. Gaudreau from suffering injuries and harm by placing Mr. Gaudreau in a wheelchair and leaving him unattended and vulnerable to falling.

Case Number: PC-2019-11159
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2019 3:40 PM
Envelope: 2307050
Reviewer: Bob Q

Case 1:19-cv-00658-JJM-PAS   Document 1   Filed 12/19/19   Page 20 of 25 PageID #: 20

14.     During the time that Defendant left Mr. Gaudreau unattended and vulnerable to falling, Mr. Gaudreau fell and fractured his hip.

15.     Further, Defendant owed Plaintiffs the following duties: (a) not to accept patients, including Mr. Gaudreau, with physical and/or mental conditions for which Defendant could not adequately provide care to protect their health, safety, and welfare, (b) to establish its own internal policies and procedures for fall prevention and to follow such policies and procedures, and (c) to comply with all policies and procedures for patient safety, including as to fall prevention, as required by the State of Rhode Island and/or other governmental agencies with jurisdiction over the Nursing Home.

16.     Defendant breached the aforesaid duties.

17.     As a direct and proximate result of the Defendant's negligence, Mr. Gaudreau suffered severe and substantial injuries to which he ultimately succumbed and died from just three weeks later, on September 6, 2018.

## COUNT I
### (Negligence)

18.     Plaintiffs repeat and reallege each and every allegation contained herein as if fully set forth herein.

19.     Defendant owed a legal duty to act in a reasonably safe manner, and in conformity with industry standards, while providing care to its patients and residents, including Mr. Gaudreau.

20.     Defendant breached its said duties of care owed to Plaintiffs by, among other acts and/or omissions, failing to properly supervise Mr. Gaudreau, who was known to Defendant to be non-verbal, disoriented, and susceptibility to falling and suffering serious injuries, which caused Mr. Gaudreau to fracture his hip and soon thereafter die.

21.    As a direct and proximate result of Defendant's negligence, Mr. Gaudreau was severely injured, experienced conscious pain and suffering and ultimately died on September 6, 2018 as a result of the injuries that he sustained from his August 14, 2018 fall and fractured hip.

## COUNT II
### (Loss of Consortium)

22.    Plaintiffs repeat and reallege each and every allegation contained herein as if fully set forth herein.

23.    Due to Defendant's negligence, Plaintiff Ms. Lapre has suffered and will, in the future, continue to suffer a loss of consortium, companionship, society, affection and love of her common law spouse, Mr. Gaudreau, and is entitled to compensation and damages pursuant to R.I.G.L.§ 10-7-1.2.

WHEREFORE, Plaintiff Gail Lapre, Individually and as Administratrix of the Estate of Jacques Joseph Gaudreau requests the following relief:

1.    Enter judgment against Defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center;

2.    Award damages to the Plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;

3.    Award the Plaintiff interest, costs and expenses;

4.    Award the Plaintiff punitive damages;

5.    Award the Plaintiff compensatory damages;

6.    Award the Plaintiff damages pursuant to Rhode Island General Laws §§10-7-1, *et seq.*, as set forth in Rhode Island General Laws §§ 10-7-1.1, 10-7-1.2, 10-7-5, 10-7-7, and 10-7-7.1; and

7.    Award such other relief, as this Honorable Court deems just and appropriate.

Case Number: PC-2019-10658
Filed in Providence/Bristol County Superior Court
Submitted: 10/22/2019 3:40 PM
Envelope: 2307050
Reviewer: Bob Q

Case 1:19-cv-00658-JJM-PAS   Document 1   Filed 12/19/19   Page 22 of 25 PageID #: 22

## JURY CLAIM

### PLAINTIFF HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES

### OF RIGHT.

Plaintiff,
Gail Lapre, Individually and as Administratrix of the
Estate of Jacques Joseph Gaudreau
By her Attorneys,


/s/ Jeffrey D. Sowa
Jeffrey D. Sowa, Esquire, #5764
Heather M. Spellman, Esquire #6461
LaPlante Sowa Goldman
272 West Exchange Street
Providence, RI 02903
TEL:   (401) 273-0200
FAX:   (401) 273-0250
EMAIL:   *jsowa@lsglaw.com*
            *hspellman@lsglaw.com*


Date:   October 22, 2019

# EXHIBIT B

STATE OF RHODE ISLAND                              SUPERIOR COURT
PROVIDENCE, SC.
_____
                                          )
GAIL LAPRE, INDIVIDUALLY                  )
AND AS ADMINISTRATRIX OF                  )
THE ESTATE OF JACQUES                     )
JOSEPH GAUDREAU                           )
          Plaintiff,                      )
                                          )
v.                                        )          C.A. No. PC-2019-10358
                                          )
LIFE CARE CENTERS OF                      )
AMERICA, INC. d/b/a                       )
EVERGREEN HOUSE HEALTH                    )
CENTER                                    )
          Defendant.                      )
_____          )

## <u>NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT on December 19, 2019 the defendant, Life Care

Centers of America, Inc. d/b/a Evergreen House Health Center [sic], by and through the

undersigned counsel, Barton Gilman, LLP, filed in the United States District Court for the

District of Rhode Island, and served on all parties, a Notice of Removal in the above-

captioned matter.  A copy of the Notice of Removal is attached hereto as Exhibit A.

                              The Defendant,
                              Life Care Centers of America, Inc. d/b/a
                              Evergreen House Health Center [sic]
                              By its Attorney,

                               */s/ Sheri L. Pizzi*
                              Sheri L. Pizzi | RI Bar No. 5720
                              spizzi@bglaw.com
                              Barton Gilman LLP
                              One Financial Plaza, 18th Floor
                              Providence, RI  02903
                              401.273.7171 | 401.273.2904 – F

**CERTIFICATE OF SERVICE**

     I, Sheri L. Pizzi, attorney for Defendant, Life Care Centers of America, Inc. d/b/a Evergreen House Health Center [sic] hereby certify that I served a copy of the Notice to State Court of Notice of Removal via Odyssey File & Serve and/or US Mail on December 19, 2019 to Jeffrey D. Sowa, 272 West Exchange Street, Providence, RI 02903.

*/s/ Sheri L. Pizzi*

Sheri L. Pizzi